# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **SA-18-CR-290-XR** |
| | § | |
| **PEDRO ROSALES-FUENTES** | § | |
| | § | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss the indictment. The Defendant is charged with illegal reentry in violation of 8 U.S.C. § 1326(a) & (b)(2).

The Defendant argues that the indictment should be dismissed because the Notice to Appear issued to him to appear before the Immigration Court failed to specify the time and date of his removal hearing, as he contends is required by 8 U.S.C. § 1229(a)(1) and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The Defendant argues that without a valid notice to appear, subject matter jurisdiction never vested in the Immigration Court, rendering that court's deportation order a legal nullity. The Defendant also argues that a collateral attack against his deportation order is proper under 8 U.S.C. § 1326(d), because his deportation proceedings lacked fundamental fairness.

It is uncontested that Rosales-Fuentes was issued a Notice to Appear (NTA) on June 29, 1999 and that the notice did not state a date and time for his hearing. An Immigration Judge ordered his removal on July 6, 1999. Fuentes was present at that proceeding, requested an expedited removal, waived his right to appeal and was removed to Mexico that same day. Fuentes was subsequently found in San Antonio, Texas on April 3, 2018, and this indictment followed.

The Government responds, arguing that the jurisdiction of the Immigration Court vests when a charging document is filed, that was done in this case, and that pursuant to 8 C.F.R §

1003.15(b) and (c) a Notice to Appear does not require a time and place to be specified for the initial hearing. The Government contends that the statutory definition of Notice to Appear found at 8 U.S.C.A. § 1229, which requires that the "time and place at which the proceedings will be held" does not affect the jurisdiction of the Immigration Court because the regulatory framework controls, not the statute.

Alternatively, the Government argues that even if this Court should find that the defective NTA deprived the Immigration Court of subject matter jurisdiction, the Defendant can still waive or forfeit any defect, because unlike an Article III Court where subject matter jurisdiction cannot be waived, an Immigration Court is merely an administrative agency and neither an Article I or Article III court, and Fuentes's waiver of his right to appeal is valid.

Further, the Government argues that any deficiency in the NTA was cured by the subsequent service of a Notice of Hearing.[1]

In addition, the Government argues that due process was satisfied in this matter because the Defendant ultimately received a notice of the time and date for his hearing, appeared at the hearing, failed to assert any objections at that hearing, and pled to the charges. Accordingly, the Government argues he cannot show that he suffered any prejudice due to the defective NTA.

Finally, the Government argues that the Defendant failed to exhaust administrative remedies and that denial of this motion is mandated because of that failure.

---

[1] The Government's Exhibits, however, fail to include any Notice of Hearing and the Court is uncertain how the Defendant became aware of the July 6, 1999 removal proceeding. Nevertheless, that fact is not disputed by the Defendant.

# Analysis

## A.     The defective NTA did not affect the Immigration Court's jurisdiction

Defendant relies upon *Pereira v. Sessions*, 138 S. Ct. 2105, 201 L. Ed. 2d 433 (2018), for the argument that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under § 1229(a).'" *Id.* at 2113-14. However, the Court in *Pereira* was not addressing jurisdiction, but rather whether a non-permanent resident was eligible for cancellation of removal given the triggering of the "stop-time rule." Since *Pereira*, numerous defendants charged with illegal reentry have filed motions to dismiss based on the argument that a defective NTA deprives the Immigration Court of jurisdiction. The various district courts are split on the question and the Fifth Circuit has not yet had an opportunity to render an opinion.[2] The Fifth Circuit appears to suggest that *Pereira's* holding is limited to cancellation hearings.[3]

Removal proceedings commence when the appropriate charging document is filed with the Immigration Court. *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 815 (5th Cir. 2001). Assuming a properly completed NTA is the charging document in Immigration Court, it does not necessarily

---

[2] This Court's judges have rendered differing opinions on this question. At least one has held that the removal order was not invalid or void for want of subject matter jurisdiction when the NTA omitted the hearing time. *United States v. Arroyo*, No. EP-18-CR-02049-DCG, 2018 WL 6729029 (W.D. Tex. Dec. 21, 2018) (Guaderrama, J.). Most have held that that the failure to include the time and place of hearing resulted in a lack of jurisdiction in the immigration court, but have differed on whether this absolves the defendant from satisfying the requirements of § 1326(d). *See, e.g.*, *United States v. Niebla-Ayala*, No. EP-18-CR-3067-KC, 2018 WL 6378019, __ F. Supp. 3d __ (W.D. Tex. Dec. 5, 2018) (Cardone, J.); *United States v. Vargas-Osorio*, No. 1:18-CR-289-RP, 2018 WL 6201957 (W.D. Tex. Nov. 28, 2018) (Pitman, J.); *United States v. Zapata-Cortinas*, No. SA-18-CR-00343-OLG, 2018 WL 6061076, __ F. Supp. 3d __ (W.D. Tex. Nov. 20, 2018) (Garcia, C.J.); *United States v. Alfredo Valladares*, No.1:17-CR-156-SS, 2018 WL 6629653 (W.D. Tex. Oct. 30, 2018) (Sparks, J.); *United States v. Pedroza-Rocha*, No. EP-18-CR-1286-DB, 2018 WL 6629649 (W.D. Tex. Sept. 21, 2018) (Briones, J.). *See also United States v. Hernandez-Lopez*, No. 5:19-CR-625(1)-DAE, 2018 WL 6313292 (W.D. Tex. Dec. 3, 2018) (Ezra, J.) (assuming without deciding that the IJ lacked jurisdiction, defendant was nevertheless required to satisfy § 1326(d) and failed to do so).

[3] *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148, fn.1 (5th Cir. 2018).

follow that the Immigration Court lacks jurisdiction over the proceeding if the NTA is defective. Charging documents are sometimes challenged for sufficiency but can be amended, and this does not result in a court lacking jurisdiction. A defective NTA can result in a due process challenge, but that does not affect jurisdiction.[4] See *United States v. Rivera Lopez*, No. 1:18-CR-00381 (LMB), 2018 WL 6834363, at *6–7 (E.D. Va. Dec. 28, 2018) ("Although the regulations provide that '[j]urisdiction vests ... when a charging document is filed with the Immigration Court," 8 C.F.R. § 1003.14(a) (2004), 'jurisdiction' is a term that can convey 'many, too many, meanings.' For example, it may refer to subject-matter jurisdiction, meaning 'a tribunal's power to hear a case,' which 'can never be forfeited or waived'; however, it can also refer to a mandatory component of the adjudicative process that may nonetheless be forfeited or waived.'") (some citations omitted).

The Sixth Circuit has recently concluded post-*Pereira* that jurisdiction vests with the Immigration Court when "the mandatory information about the time of the hearing, see 8 U.S.C. § 1229(a), is provided in a Notice of Hearing issued after the NTA." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 314–15 (6th Cir. 2018). This decision supports this Court's conclusion that an initial defective NTA charging document can be cured and jurisdiction still possessed by the Immigration Court.

## B. Defendant's Collateral Attack also fails

Having concluded that the defective NTA did not deprive the Immigration Court of jurisdiction and the removal order was valid, this Court turns to consideration of whether the Defendant can mount a collateral attack based on the defective NTA.

---

[4] The Government's insistence that NTAs that fail to include the dates and times for hearings per the regulations somehow override the statutory definition is absurd.

In a criminal proceeding under § 1326, a defendant may not challenge the validity of the underlying removal order unless he demonstrates that (1) he has exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings resulting in the order deprived the defendant of the opportunity for judicial review; and (3) the entry of the underlying order was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *see also United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). If the defendant fails to establish any one prong of the three-part test, the Court need not consider the others. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

Defendant failed to exhaust his administrative remedies in order to challenge the underlying removal order in this case. Defendant has also failed to show that the removal proceedings improperly deprived him of the opportunity for judicial review. Defendant appeared in person for the removal hearing and had the opportunity to appeal the removal order. Finally, Defendant has not demonstrated that entry of the removal order was prejudicial or otherwise unfair. Entry of the underlying order is fundamentally unfair, or prejudicial to the defendant, where there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. *See Mendoza-Mata*, 322 F.3d at 832 (internal quotation marks and citation omitted). In this case, Defendant was present for his hearing and requested an expedited hearing. Similar to *United States v. Lara-Martinez*, No. CR H-18-647, 2018 WL 6590798, at *2–3 (S.D. Tex. Dec. 14, 2018), "[t]here is nothing in the record to indicate that if the Notice to Appear had included the date and time for the removal proceeding – a proceeding at which Defendant was present – the proceeding would not have resulted in Defendant's removal." Accordingly, the Defendant's collateral attack fails.

**Conclusion**

Defendant's motion to dismiss the indictment (Dkt. No. 29) is DENIED.

It is SO ORDERED.

SIGNED this 14th day of January, 2019.

_____
XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE